We'll move on to the fourth court case of the day. Trujillo v. Rockledge Furniture. Appeals number 18-3349 and 19-1651. We'll hear from Mr. Singer. Good morning and may it please the court. My name is Matthew Singer from Stowell and Friedman and I represent the plaintiff appellant Humberto Trujillo. There are two appeals before the court today in this case. The main appeal, which challenges the district court's dismissal of my client's age discrimination retaliation claims and a Rule 60B appeal. There is also a amicus brief from the EEOC suggesting that the case be reversed and agreeing with Mr. Trujillo and Rockledge has responded. So if I'm doing my math correctly, that's eight briefs in front of the court today. And I'd like to focus my limited time on focusing on the narrowest and most efficient and what we believe is the correct way to resolve this appeal. In our view, this case turns on one straightforward issue and that is, did Mr. Trujillo adequately meet the charge filing requirement when he identified the store in which he works in Burbank, Illinois, the address of the store, the EEOC of the precise, correct legal name of his employer. Based on four well-settled legal principles that's covered in the briefing that I'll discuss today, we believe the answer is yes, Mr. Trujillo did all he needed to do. The EEOC agrees. And if this court agrees, then this appeal can be resolved on that basis alone. There's no need to get into the Rule 60B issues into the Eggleston doctrine. Although we believe, of course, that we should win. It doesn't appear that the district court addressed this particular issue. The court addressed the Eggleston and subsequently addressed the Rule 60B, but it doesn't appear that this precise issue regarding exhaustion of remedies and the failures of the EEOC to identify the correct employer was specifically addressed. Would you agree with that? We agree. The court kind of glided past it. Those issues were presented in each set of briefing and the court kind of melded the actual notice inquiry from Eggleston with the fundamental question of, did Mr. Trujillo do enough to name his employer? And so the district court kind of went ahead to the Eggleston exception without addressing it. Eggleston talks about cases where there's just no identification at all, just not naming an extra entity, right? Correct. That's a distinction between Eggleston and the cases that Rockledge has cited. Applying Eggleston, those are all two entity cases. Entity A is named, entity B is not named, and this court came up with a doctrine that allowed, in certain circumstances, plaintiffs who did not adequately or did not at all name the employer to then pursue a claim against the employer. That's correct. The first basic principle that this court, the Supreme Court, has relied on for this case is to have the employer generously construed in the employee's favor. That's consistent with the remedial purpose of the ADEA. The Supreme Court recently wrote in Holowecki that documents submitted to the EEOC by an employee should be construed to protect the employee's statutory rights and remedies. That was the FedEx case? The FedEx case. And was the name at that time FedEx or Federal Express? I don't recall. Yes, it was the Federal Express case or the FedEx case. That built on decades of case law from this court, saying that the court should avoid hyper-technical constructions of documents that have been submitted to the EEOC by an employer. The second basic principle is that the court is not limited to the face of the charge when considering whether an employee satisfied the charge filing requirement. Allegations outside the charge may be considered. In addition, you can consider what may be reasonably expected to grow out of the charge. And Judge Senev had a decision that we cited, Jones v. Illinois, applying under a very similar set of circumstances, applying this doctrine to say that even though Entity A was named in the EEOC charge, it's reasonable to assume that a reasonable EEOC investigation would result in the actual employer being discovered. The third basic principle is that EEOC errors should not be held against the employee. The plaintiff does not lose the right to bring their serious claims of discrimination, retaliation to a court just because the EEOC dropped the ball. And the fourth basic principle, which really follows from the first three, is that actual notice is not required. Of course, when everything goes right, an employer does receive notice, but the or FedEx, that when an employer does not receive notice, that that does not, on its own, allow an employer to avoid liability. So a straightforward application of these principles governs the outcome here. Mr. Trujillo identified the name of the Illinois store where he worked, along with its address and phone number. The EEOC reached out inexplicably to an entity down in Texas called Hill Country Holdings LLC. That is not mentioned in Mr. Trujillo's charge, does not refer to it in it. And the EEOC has jumped into this appeal specifically for the purpose of saying, mea culpa, it was our fault. Please don't hold this mistake against Mr. Trujillo. Then... Did either you or former counsel attempt to contact the EEOC after receiving the right to sue letter that explained, that made it clear they didn't take the employer into consideration? We did not. As far as I know, prior counsel did not. At that point, it didn't seem to make sense to spin our wheels. The clock was ticking. And the clock was ticking and we received the case and had to file it within basically a month of when we received it. So we figured our best bet was to go to court. And also, all the circumstances weren't clear. We didn't have, at that point, the EEOC file where you could see exactly what had occurred. So, as you suggested, Mr. Trujillo's prior lawyer did then respond, identifying Rockledge Furniture LLC's actual legal name, identifying its address and the EEOC, rather than taking that information or any of the information that Mr. Trujillo had provided and serving the charge, elected to dismiss the charge and issue a notice of right to sue. At that point, there's no question that Mr. Trujillo did what was required. The EEOC had ample information in front of it that it could have used to serve the charge. It did not. And so the four principles that I've already described make clear that Mr. Trujillo has the right to pursue his discrimination claim on the merits. If documents submitted to the EEOC should be generously construed in favor of the employee, it's hard to see how a generous construction would result in Mr. Trujillo being denied his opportunity to pursue his claims. If it's okay to look beyond the body of the charge, Rockledge Furniture LLC was specifically named to the EEOC. If it's not appropriate to hold Mr. Trujillo responsible for the EEOC's mistakes, it really doesn't make sense to hold him responsible for the EEOC's mistakes. And lack of notice, while unfortunate, is not a get-out-of-jail-free card for an employer. They should have to answer this discrimination claim on their merits, and I will reserve the remainder of my time for rebuttal. Thank you, Mr. Singer. For Rockledge Furniture, Mr. Chris Leib. May it please the court, my name is David Chris Leib. I represent Rockledge Furniture LLC, and that name's important. What if the charge had said Rockledge Furniture, Inc.? I think that would have been sufficient. What's the difference? I think the difference is that it distinguishes between one of many furniture stores that sell Ashley Furniture under that license. For example, if you... The telephone number and the address aren't enough? They're not enough to name the employer and hear what the EEOC was relying on. Well, what was the registered name you all had for doing business in Illinois? The registered name was Rockledge Furniture, LLC. No, no, no, the DBA. Ashley Furniture Home Stores Rockledge. Okay. And so, but you actually didn't... You weren't putting Rockledge up on the sign of the store, right? That's true. So you're doing business under Ashley Furniture Home Stores, right? That's the signage that's presented to... At the store that he managed. ...customers. Right. Right. As distinct from the notice he got every week or two weeks on his paycheck that said Rockledge Furniture, LLC. This is an individual who, in his complaint, alleges that he was opening these furniture stores for Rockledge. So we have a lot of... I'm just thinking, we've got a... He left off Rockledge for under... It would be okay to just name the DBA, right? It would not if that DBA did not... Suppose he got it exactly right. The DBA exactly right? Yeah. It would be named Rockledge? Yeah. I think that would... Ashley Home Store... Ashley Furniture's Home Store, Rockledge. I think that would allow a distinction between this company and other companies that hold that license to sell... In a way that, but without the... But where the address and the phone number would make it pretty easy to tell which was intended, right? What the address and phone number would do would make it more likely that the Eggleston kind of safety net, where we also allow you, even if you fail, to name the defendant or the charged party in the charge... At all. At all? If we apply that standard to slight errors in names? Well, that... I think what Eggleston does is allow for a kind of no harm, no foul situation if there is such a discrepancy in name. Can you direct us to cases holding that the EEOC's errors in processing a charge foreclosed the private suit by the charging party? I can't point you to one that would say that any error would, but I can point you to what I think is the most analogous case. And essentially is this case decided by this court 30 years ago. It's the Schnellenbacher versus Baskin clothing case. In that case, if I may, we had almost all the same features as what's featured in this case. You had a similar late realization of what the employer should have been named and a similar mea culpa by the EEOC. There you had two charging parties who filed charges naming one entity, Baskin, but not another, HSSI, when HSSI was actually their employer. The EEOC sent a questionnaire to Baskin asking about certain anomalies in pay. And the next day the EEOC sent out right to sue letters, kind of inexplicably on that Baskin, naming Baskin as the employer. And the plaintiff's attorney in that case said, wait a minute, wait a minute, EEOC, here's some revised charges that name a different employer, HSSI. We want you to look at those charges and consider them as amended or new charges. The EEOC failed to do that. We've got two parties though, right? There are two parties in that case. The EEOC failed to do that. And then in amicus before this court said, wait, that was our mistake. We should not have closed the case. We should have accepted these as amended charges. Please don't lay this at plaintiff's feet. This was our fault. He should be allowed to sue HSSI. And what this court found was that they rejected that argument. They said, although HSSI had notice of the charges against Baskin, and it did because both companies had the same counsel, it did not thereby have notice of charges against it, nor did it have an opportunity to conciliate on its behalf. And the court went on to say, there's no inalienable right to conciliation, but conciliation is the preferred method for settling disputes. And these claimants aren't entitled to bypass that process. Right. And how, are you familiar with the mock mining case? Somewhat. And where the failure to conciliate was offered as a defense to dismiss the case, right? Yes. And the Supreme Court said, actually, no, the remedy is just go conciliate now, right? Is there any reason you couldn't do that now? I think that the difference between the cases is that in that case, the EEOC was found to have not conciliated, but had the opportunity to do so. Whereas here, that opportunity was taken away. It was the employer that was asserting, we have a right to conciliate. We didn't get it. Right. And the Supreme Court said, that's right, you do have that right, but the remedy for the EEOC failing to offer, at least failing to prove that it offered that, is not dismissal of the case, but conciliate now. And why couldn't that be done now? I don't dispute that there could be conciliation at this point. With respect to the Schellenbacher case, do you see any tension between that case and the Supreme Court's more recent decision in Federal Express against Holowecki? I don't adhere to the reason why. The Schellenbacher case, and I think should be read along with the Babrocki case that was decided before it, also in the Seventh Circuit. In that, what we were dealing with, what the Supreme Court was dealing with in Holowecki, or FedEx versus Holowecki, had to do with, and Justice Stevens made that very clear, we're dealing with what is a charge here, and what documents constitute a charge. And the Supreme Court went on to say that that needs to be very liberally construed to effectuate the purposes of the act. But Babrocki, especially in the Seventh Circuit here, has made the point that there's a difference in looking at something like what is a charge, or what are the allegations of a charge, and the statutory requirement to name your employer. And if I may quote from that case, our comment that, quote, some minimum standards of statutory compliance are essential in light of the strong emphasis upon voluntary compliance and conciliation, end quote, referred only to the charging party's ability to file a complaint naming defendant parties not mentioned in the EEOC charge. It didn't relate to the allegations contained in that charge. And then the Seventh Circuit went on, the issue of notice is of particular concern, because the EEOC is greatly hampered in its investigatory and conciliatory roles, if not all parties are before it, and no party can be sued without proper notice and an opportunity to defend. Those weren't the issues in play in Hollowecki. Does the statute, does the ADEA say that notice from the EEOC to the employer is a contingent, a requirement that has to be satisfied before the employee files suit? It does not. Okay, I don't think so. Are you familiar with the University of Notre Dame? I am. Most of us are in the Midwest here. What should happen if an employee brings a charge that names the University of Notre Dame, and not its proper name, the University of Notre Dame Duloc? Well, in that case, I don't think that there, again, I go back to this kind of, this concept of being able to distinguish from being used. You can figure out, you can figure out that that's the university in South Bend that you're intending to sue, right? Right. And that would be obvious. Ashley Furniture Home Stores, with the address in Illinois, and the phone number, and the DBA, with every word except Rockledge, come on. Well, it wasn't clear to the EEOC in this instance. Well, the EEOC has fallen on its... Let's assume that's true. He subsequently sent the correct name. Right. And the EEOC still didn't find the correct. So, assume everything you've been saying is true. How do you get around the fact that when they were provided with the exact name of your client, that the EEOC still, as they have said, dropped the ball? Well, I think the distinction to draw there is that these cases that hold that you've looked beyond the charge to determine, for example, the scope of the allegations contained, don't relate to the proper or naming of the employer itself. That was important here, and it's important for the reasons that the court has held before are crucial. How is that consistent with the remedial purpose behind the act? If the EEOC has everything that should have been provided, and they still don't do the proper procedure, how is that consistent with the act that the plaintiff has penalized for that? Well, first, I would say that the plaintiff is being penalized for not naming the employer that he knew he worked for. You're saying put that aside. Let's move forward when he did name the exact employer. He's being penalized after that. Well, I think the distinction to be drawn is that the remedial purpose of the act is served in part by allowing plaintiffs to go forward with their charges, but is also served by what Congress wanted to happen in these circumstances, which is for notice to be served on the employer and for the employer to have an opportunity to appear before the EEOC and for some opportunity for conciliation, both of which are- And the FedEx case says, well, that can't happen here because of what the EEOC did, so do your best now. Yes, but I'm going to think in a different context. I gather conciliation didn't work very well with the other three co-plaintiffs. It didn't, but it didn't have what Congress wanted us to have, which was the opportunity to do that with the aid of a neutral federal agency, the EEOC. Anything further? No, thank you very much. Thank you very much. Mr. Chrisley, rebuttal, Mr. Singer. Unless your honors have further questions, we'll rest on our briefs. Thank you. Thank you. The case will be taken under advisement with thanks to both counsel and-